**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | | |
|---|---|---|
| Martha Pace, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:10-3256-MGL |
| | ) | |
| -vs- | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Martha Pace ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C, this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on August 3, 2012 recommending that the Commissioner's decision be reversed and remanded because, based on the additional evidence submitted to the Appeals Council, the Court could not determine that the Commissioner's decision followed the applicable regulations or was supported by substantial evidence. (ECF No. 32.)

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report and Recommendation. (ECF No. 33.)

**Legal Standards**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.3d at 1157–1158.

An essential element of the administrative scheme is that the Commissioner must weigh all relevant evidence and reconcile conflicting and supporting evidence in the record. It is well settled

that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder" and a failure of the Commissioner to weigh all relevant evidence mandates remand. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). It is also well settled that decisions of other administrative agencies regarding disability of a claimant should be given weight, although such findings are not determinative. *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir.1968). As the Fourth Circuit observed in *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983), "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the [Commissioner]."

## Background

Plaintiff, who currently suffers from various conditions including right leg injury, asthma, herniated disc weakness status post fracture, and obesity, was 56 years old at the time of her hearing before the ALJ. (Tr. 23, 33.) Plaintiff completed the ninth grade and has past relevant work experience as vice president of operations of a mortgage company. (Tr. 33, 124.) Plaintiff applied for DIB on August 16, 2007. (Tr. 97-99.) Plaintiff's application was denied initially and upon reconsideration. (Tr. 66-67.) A hearing was conducted by an ALJ on August 14, 2009. (TR. 30-55.) The ALJ issued a decision on October 21, 2009 finding Plaintiff was not disabled within the meaning of the Act. (TR. 21-29.) Plaintiff then sought review from the Appeals Council. Plaintiff submitted additional treatment records from Dr. James W. Hudson ("Dr. Hudson"). (Tr. 8-15,340-345.) On November 1, 2010 the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed this action seeking judicial review of the Commissioner's decision on December 23, 2010. (ECF No. 1.)

**Discussion**

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

In this matter, Plaintiff presented additional evidence from Dr. Hudson to the Appeals Council which is now part of the record. However, the Appeals Council failed to address the additional evidence submitted by Dr. Hudson or weigh this evidence against other supporting and conflicting evidence in the record.

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all of the evidence is "one-sided", a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Meyer v. Astrue,* 662 F.3d 700, 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence", there is a need to remand the matter to the fact finder "to reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id*. Remand is necessary because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder". *Id.*

In this case, the Magistrate Judge indicates, <u>inter alia</u>*,* that Plaintiff's additional evidence clarifies Dr. Hudson's treatment records and undercuts the ALJ's decision to discount Dr. Hudson's

4

testimony. (ECF 32 at 20.) The Magistrate Judge determined that the same considerations that caused the Fourth Circuit to remand the case in *Meyer* are present here. That is to say, the Appeals Council did not err by considering plaintiff's new evidence and not explaining its rationale. However, like the claimant in *Meyer*, the plaintiff presented additional evidence to the Appeals Council, which is now in the record, that no factfinder has attempted to reconcile with conflicting and supporting evidence in the record.

In objecting to the Report and Recommendation, the Commissioner contends that substantial evidence of record, including the additional evidence submitted to the Appeals Council, supported the Commissioner's decision that Plaintiff did not meet the disability requirements of the Social Security Act. Upon consideration, the Commissioner's objections are overruled.

A review of the record reveals that the issue of Plaintiff's alleged disability is vigorously contested and the Court agrees with the Magistrate Judge that it is necessary for the Commissioner to weigh the additional treatment records and reconcile them with other supporting and competing evidence in the record. The assessment of competing evidence in the record is "quintessentially the role of the fact finder" and "we must remand the case for further fact finding." *Meyer*, 662 F.3d at 707.

## Conclusion

After a careful review of the record, the Commissioner's objections, and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge. Accordingly, the Commissioner's decision is reversed and remanded to the Commission for further administrative

action as set out in this order and the Report and Recommendation.

    AND IT IS SO ORDERED.

                                                /s/ Mary G. Lewis
                                                United States District Judge

September 27, 2012
Spartanburg, South Carolina