IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| Martha Pace, | ) | Civil Action No.: 1:10-3256-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This matter is before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  Plaintiff seeks an award of $6,120.00 in attorney's fees representing 16.25 hours of attorney time at the rate of $180 per hour and 35.50 hours of paralegal time at the rate of $90 per hour.  (ECF Nos. 39-3 & 39-4).  Defendant, the Commissioner of Social Security ("Commissioner"), objects to an award under the EAJA, arguing that the Commissioner's position  was substantially justified. (ECF No. 41). Plaintiff filed a reply to the Commissioner's Response[1]. (ECF No. 42).  For reasons set forth below, the Court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees.

Under the provisions of the  EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the

---

[1]  In Plaintiff's reply, she requests an additional $180.00 representing a half hour of attorney time at a rate of $180.00 per hour and one hour of paralegal time at a rate of $90.00 that she contends was necessary to address the Commissioner's objections.

government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A) (2010).[2]  The government has the burden of proving that its position was substantially justified.  *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991).  "The government's position must be substantially justified in both fact and law."  *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotations omitted).

This matter initially came before the Court on an appeal of the decision of the Commissioner denying Plaintiff disability benefits.  In the course of the administrative process, Plaintiff submitted to the Appeals Council new and material medical records from her treating physician, Dr. James W. Hudson.  These records specifically addressed the concerns expressed by the Administrative Law Judge ("ALJ") that lead to the denial of Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review without weighing the newly submitted evidence or reconciling it with other conflicting evidence in the record. This Court found the Commissioner's failure to weigh and reconcile the new and material evidence submitted to the Appeals Council to be contrary to the clear holding of the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir.2011) and remanded the matter for further administrative proceedings.

---

[2]  A party, like Plaintiff, who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes.  *See Shalala v. Schaefer*, 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

The Court notes that the Commissioner now contends that her failure to weigh the newly submitted evidence was substantially justified because she "reasonably did not view the evidence as 'competing' or conflicting with the evidence before the ALJ." (EFC No. 41 at 5). However, where material evidence is newly produced at the Appeals Council stage of the administrative process and conflicts with evidence credited and relied upon by the Administrative Law Judge, there is a problem for the reviewing court because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* "Assessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.* In *Meyer*, the  the Fourth Circuit held that remand for further fact finding is mandatory under these circumstances. *Id.* As such pursuant to *Meyer*, the Commissioner has failed to carry her burden of demonstrating that her position was substantially justified. Plaintiff's motion for attorney fees under the EAJA is granted.

The Commissioner has not challenged Plaintiff's requested hourly rate or hours expended. After consideration of the memoranda and affidavits submitted, the Court finds the total fee request, hours expended and hourly rate to be reasonable and authorized under applicable law. *Gisbrecht v. Barnhart*, 555 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Therefore, the Court grants Plaintiff an attorney's fee award under the EAJA of $6,300 representing Plaintiff's initial fee request of $6,120.00 plus Plaintiff's additional attorney's fee request of $180.00 for preparation of a reply.[3] The Court directs that the

---

[3] The district court has broad discretion to set the attorney-fee amount.  "[A] district court will always retain substantial justification in fixing the amount of an EAJA award." *Commi'r v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed. 2d 134. (1990).

Commissioner make the check payable to Plaintiff and to deliver the check to the office of

Plaintiff's counsel.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 28, 2014